UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | 1:20-mj-00316-LEW |
| KATRINA F. PREBLE, ) | |
| ) | |
| Defendant ) | |

**ORDER ON COMPETENCY**

On November 16, 2020, a Complaint was filed against Katrina F. Preble, charging her with two counts of Interstate Threats in violation of 18 U.S.C. § 875(c). *Complaint* (ECF No. 3). On November 18, 2020, Ms. Preble's attorney filed an unopposed motion for a psychological examination pursuant to 18 U.S.C. § 4241. *Unopposed Mot. for Psych. Exam.* (ECF No. 17). The Court granted the motion and ordered the Federal Bureau of Prisons to conduct a psychological evaluation and to prepare a report that assessed, among other things, whether Ms. Preble suffered from a "mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense." *Order* at 1 (ECF No. 23).

In accordance with the Court's Order, the Bureau of Prisons conducted a psychological evaluation of Ms. Preble over a period from January 29, 2021, through March 1, 2021, at the Federal Medical Center Carswell in Fort Worth, Texas. On March 1, 2021, the Court received a ten-page forensic report prepared by Dr. Matthew Opesso dated March 1, 2021. *Forensic Report* (ECF No. 32). In the report, Dr. Opesso concludes that Ms. Preble is suffering from a psychiatric illness that "significantly interferes with her ability to understand the nature and consequences of

the proceedings against her or to assist in her own defense." *Id.* at 10.

On May 18, 2021, I held a competency hearing pursuant to 18 U.S.C. § 4247(d), at which I admitted in evidence the forensic report prepared by Dr. Opesso. Dr. Opesso also testified consistent with his report. I now find, based on the forensic report and Dr. Opesso's testimony, that it is more likely than not that Ms. Preble is not competent to stand trial in this matter. I further find by a preponderance of the evidence that Ms. Preble is presently suffering from a mental disease or defect that renders her unable to understand the nature and consequences of the proceedings against her or to assist properly in her own defense.

Therefore, pursuant to 18 U.S.C. § 4241(d), it is hereby ORDERED that the Defendant is committed to the custody of the Attorney General of the United States. The Attorney General shall hospitalize the Defendant for treatment in a suitable facility—

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
> (A) her mental condition is so improved that trial may proceed if the Court finds that there is a substantial probability that within such additional period of time she will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against her are disposed of according to law;
>
> whichever is earlier.

If, at the end of the time period specified, it is determined that the Defendant's mental condition has not so improved as to permit the trial to proceed, the Defendant's continued hospitalization or discharge will be evaluated in terms of the standards set forth in 18 U.S.C. § 4246.

If the director of the facility in which the defendant is hospitalized, pursuant to 18 U.S.C. § 4241(d), determines that the Defendant has recovered to such an extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense, the director shall promptly file a certificate to that effect with the Clerk of the Court for the United States District Court for the District of Maine at 202 Harlow Street, Bangor, Maine 04401. The Clerk shall then send a copy of the certificate to the attorney for the Defendant and to the attorney for the Government, and the matter shall be set for hearing pursuant to 18 U.S.C. §§ 4241(e), 4247(d). The director of the facility in which defendant is hospitalized shall provide the Court with regular updates as to her progress every 30 days during her hospitalization.

A copy of this Order shall be given to the United States Marshal and the Marshal shall make arrangements as are necessary for the hospitalization of the Defendant as required by this Order. If the defendant is hospitalized outside the District of Maine, upon the Defendant's return to the District of Maine from the facility, the U.S. Marshal shall immediately notify this Court of that fact. The period of delay resulting from this proceeding to determine the mental competency of the defendant, including any examinations, shall be excluded in computing the time within which the trial of any such offense must commence, pursuant to 18 U.S.C. § 3161(h)(1)(A).

SO ORDERED.

Dated at Bangor, Maine this 20th day of May, 2021.

                                              /s/ Lance E. Walker
                                              UNITED STATES DISTRICT JUDGE